UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENDRA M. ARMENTA, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| vs. | )   CASE NO. 4:11-CV-00650-FHM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
|     DEFENDANT. | ) |

## OPINION AND ORDER

Plaintiff, Kendra M. Armenta, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Kendra M. Armenta's applications for Disability Insurance and Supplemental Security Income benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) John Volz was held October 12, 2010. By decision dated October 29, 2010, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 2, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 24 years old on the alleged date of onset of disability and 25 years old at the time of the hearing. At the hearing, Plaintiff testified that she has a high school education, enrolled in some college courses, and was currently employed part time as a life skills trainer (rehabilitation aide). [R. 28 and 32]. Plaintiff claimed on her application for SSI and DIB benefits that she became disabled on June 1, 2009 as a result of leg swelling, pitting edema, vision 20/50 on left eye, hypertension, morbidly obese, migraines, polycystic ovarian syndrome, hypoactive thyroid and asthma. [R. 119]. Plaintiff also claims to suffer from pain, swelling in her feet, hands and fingers, headaches, including migraine headaches, asthma and allergies, ovary and pelvic pain, right wrist pain, scalp pain and hair loss, vision problems, including "tunnel vision" and the inability to "read very well," insomnia, hypertension, dizziness, anxiety, and panic attacks. Plaintiff complains of limitations of her activities of daily living including sitting, standing, walking, bending,

squatting, kneeling, climbing stairs, lifting, reaching, writing, memory, and in following written instructions due to her alleged impairments.[2] The Plaintiff indicates that objective findings, assessments, and diagnoses include: morbid obesity, hypertension which is mostly controlled with medications, hypothyroidism, asthma, right wrist "ganglionic cyst", 2-3+ pedal edema, insomnia, GHT test for glaucoma "outside normal limits" for the right eye and "borderline" for the left eye, ocular migraine, cephalgias, "migraine cephalgias", positive ANA antibody, deviated septum, and sinusitis.

### The ALJ's Decision

The ALJ determined that Plaintiff has severe impairments relating to migraines, obesity, and hypertension. [R. 16]. The ALJ determined that the Plaintiff has the residual functional capacity to perform semi-skilled work at the medium level of exertion and is therefore capable of performing her past relevant work as a rehabilitation aide. [R. 21]. As an alternative finding, the ALJ adopted the testimony of the vocational expert that there are other jobs in the economy in significant numbers that Plaintiff could also perform. He found, therefore, that Plaintiff was not disabled as defined by the Social Security Act. [R. 20]. The case was thus decided at step four of the evaluative sequence with an alternative finding at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

---

[2] On November 20, 2009, Plaintiff indicated in her Disability Report - Appeal - form SSA-3441 that since filing her claim, she had also been diagnosed with ANA antibody and that her symptoms included aches and pains such as migraine headaches.

3

Plaintiff asserts the ALJ: (1) failed to properly evaluate, consider, and weigh the medical evidence; (2) did not properly consider all of Claimant's impairments in making a determination at steps 2 and 3 of the sequential evaluation process; (3) failed at steps 4 and 5 of the sequential evaluation process because he did not properly evaluate Claimant's past relevant work, failed to provide a complete hypothetical, and failed to include all impairments in the hypothetical and RFC; and (4) failed to perform a proper credibility determination. For the reasons discussed below, the Court AFFIRMS the decision of the Commissioner.

## Analysis

### Evaluation and Weight of Medical Evidence

Plaintiff argues that the ALJ failed to properly evaluate, consider, and weigh the medical evidence. In support of this argument, the Plaintiff states that the ALJ failed to assign a weight to the opinions of the consultative examiner, G. Bryant Boyd, M.D., though it appeared that he relied upon Dr. Boyd's report. [Dkt. 19, p. 3]. The ALJ accurately summarized Dr. Boyd's report, including his conclusion that Plaintiff was "basically a healthy appearing white female except for obesity." [R. 252-253].

Plaintiff makes some comments about the thoroughness of Dr. Boyd's examination, and suggests that the ALJ misrepresented Dr. Boyd's report. The statements by the ALJ that Plaintiff argues were misrepresentations were made at the hearing and do not appear in the decision. In the decision the ALJ accurately recounted Dr. Boyd's report: "If there

were any peripheral edema it was trace, and Plaintiff's legs appeared mostly obese."[3] [R. 20, 253]. The undersigned finds no error in the ALJ's treatment of Dr. Boyd's report about Plaintiff's claimed edema.  Plaintiff has not pointed to any information that would suggest Dr. Boyd's conclusions differ from any findings in the record.  Plaintiff has not advanced any reason why the alleged deficiencies in Dr. Boyd's examination should alter the result in this case.

The Plaintiff also claims that the ALJ failed to discuss, evaluate and weigh all of her medical findings and states:

> The ALJ completely failed to discuss, evaluate and weigh Claimant's diagnoses of hypothyroidism (T 202, 209, 280); asthma (T 205, 211, 213, 217, 264); right wrist "ganglionic cyst" (T 211); insomnia (T 205); GHT test for glaucoma "outside normal limits" for the right eye and "borderline" for the left eye (T 288-289); ocular migraine (T 291); positive ANA antibody (T 199); deviated septum (T 199); and sinusitis (T 213).  These treating doctors' findings are due deference, and must be evaluated using all of the *Goatcher* factors.  *Langley v. Barnhart,* 373 F.3d 1116, 1120 (10th Cir. 2004); 20 CFR § 404.1527(d); 20 CFR § 416.927(d); SSR 96-2p."

[Dkt. 19, p. 4]. The court rejects Plaintiff's assertion that every finding must be discussed using the factors set out in the case *Goatcher v. United States Dept of Health & Human Servs.,* 52 F.3d 288 (10th Cir. 1995).

The *Goatcher* case refers to the proper evaluation of treating physician's opinions. The information Plaintiff refers to are diagnoses and findings, not opinions.  The ALJ is not required to perform the *Goatcher* analysis on every medical finding or diagnoses in the

---

[3] Plaintiff testified that she has leg swelling every day with her left leg worse than her right. Plaintiff testified that Dr. Boyd only examined her right leg. [R. 30].  However, the record reflects that during Dr. Boyd's consultative examination, measurements of Plaintiff's legs were taken and reflected: circumference of calf - R(42cm), L(43 cm); circumference of thigh - R(60 cm), L(60.5 cm). [R. 257].

5

record. Rather, the ALJ is required to consider the work-related functional limitations flowing from those diagnoses and findings. Plaintiff has not demonstrated that the record contains any such limitations that were not addressed by the ALJ.

Plaintiff also asserts that the ALJ should have weighed the opinion of her optometrist, Dr. Brandi Johnson, O.D., and that the ALJ improperly ignored limitations of Plaintiff's vision by making no findings as to the severity of her visual impairment. [Dkt. 19, p. 2]. According to the Plaintiff, Dr. Johnson made findings of glaucoma and ocular migraine.

Dr. Johnson did not render an opinion to be weighed. Further, Dr. Johnson, did not diagnose glaucoma. Test results were interpreted as "outside normal limits" and "borderline," however, Dr. Johnson did not place any restrictions (driving or otherwise) upon the Plaintiff, nor did she note any impairments. Dr. Johnson's assessment of Plaintiff was "headache and ocular migraine" with a plan for Plaintiff to follow-up with her primary care physician and to repeat the eye exam the following year. [R. 287-289]. So long as a claimant is not legally blind, the Commissioner evaluates visual impairments the same as any other impairment in determining disability. *See* 20 C.F.R. § 416.985.

The court rejects Plaintiff's assertion that the ALJ ignored vision limitations. Plaintiff did not testify to, nor is there any evidence in the record which would establish the Plaintiff's visual impairment is a functional limitation. There is no suggestion in the record that limitation of her vision is uncorrectable or prevents her from performing work-related activities. The record reflects Plaintiff likes to do artwork and beadwork and performs these activities almost every day. [R. 164]. She uses glasses mostly for reading or driving. [R.

166]. The court finds no error in the ALJ's treatment of the medical record concerning Plaintiff's vision.

## Step 2 and 3 Determination

It is the claimant's burden to demonstrate an impairment, or a combination of impairments, that significantly limits his/her ability to do basic work activities. See *Bowen,* U.S. at 146 n. 5, 107 S.Ct. 2287; 20 C.F.R. § 404.1521. The Plaintiff has the burden to provide objective evidence "sufficient to suggest a reasonable possibility that a severe impairment exists." *Hawkins v. Chater,* 113 F.3d 1162, 1167 (10th Cir. 1997). Plaintiff has not done so in this case for a number of her claimed impairments. An impairment is not severe if it does not significantly limit a person's physical or mental ability to do basic work activities. *Branum v. Barnhart,* 385 F.3d 1268 (10th Cir. 2004); 20 C.F.R. § 416.921(a).

The court rejects Plaintiff's contention that the ALJ failed to consider all of her impairments at steps 2 and 3 of the sequential evaluation. The ALJ found that Plaintiff's ovarian pain and allegations of anxiety and panic attacks were not severe impairments. The ALJ accurately explained that the medical record reflected the ovarian abnormalities had caused no more than a minimal limitation in the ability to perform basic work activities and that there was no medical evidence of mental impairments. Plaintiff did not provide medical evidence that demonstrates that alleged panic attacks and anxiety would significantly limit her ability to do basic work activities, or prevent her from performing work-related activities. Since the medical evidence did not support the existence of mental impairments, there was no error in the ALJ's failure to perform the Psychiatric Review

Technique.[4]  Plaintiff's assertions about vision limitations have already been addressed.

Plaintiff asserts that the ALJ failed to assess a list of complaints: dizziness, leg swelling, edema, numbness, deviated septum, and recurrent sinus problems.  But aside from merely listing these problems, Plaintiff does not explain how these affected her ability to work apart from the impairments the ALJ found were severe: migraines, obesity, and hypertension.  The court declines to address these allegations that are raised but not discussed in a meaningful way.  See generally *United States v. Rodriguiez-Aguirre,* 108 F.3d 1228, 1237 n.8 (10th Cir. 1998)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).

Plaintiff argues that the ALJ erred in finding that migraines were a 'severe" impairment at step 2 and then failed to include pain as a non-exertional limitation at steps 4 and 5 of the evaluative sequence.  Plaintiff points to the vocational expert testimony that if her testimony was credible she could not consistently work due in part to migraines. [Dkt. 19, p. 9].  Plaintiff does not cite to any evidence in the record, apart from her own testimony which the ALJ found was not credible, to substantiate any limitation resulting from migraines.  [Dkt. 22, p. 3].  The court finds that Plaintiff has not demonstrated that the record supports any limitation related to migraines.

---

[4] At the hearing on October 12, 2010, Plaintiff testified that she had been placed on a waiting list for treatment at behavioral health care services at Indian Health. [R. 41].  The record was not supplemented with medical evidence relating to mental health treatment obtained by the Plaintiff, as permitted by 20 C.F.R. § 404.700(b).

### Step 4 Determination

The ALJ found at step 4 that Plaintiff could perform her past relevant work as a rehabilitation aide. [R. 21]. Plaintiff contends this finding is erroneous because the ALJ also found in step 1 that her part-time employment as a rehabilitation aide did not qualify as substantial gainful employment. [R. 16]. 20 C.F.R. 404.1571 *et seq.,* and 416.971 *et seq.* The Commissioner agreed that Plaintiff's current employment does not constitute past relevant work. The court finds that this error does not require reversal because the ALJ made an alternative finding that Plaintiff was not disabled at step 5.

### Step 5 Determination

The Plaintiff argues that the ALJ erred at step 5 because he failed to consider all of her impairments in formulating the RFC and the hypothetical question to the vocational expert.

An ALJ is not, however, required to discuss every piece of evidence. See *Hamlin v. Barnhart*, 365 F.3d 1208, 1217 (10th Cir. 2004). Rather, an ALJ must discuss the evidence supporting his decision, the uncontroverted evidence he chooses not to rely upon, and any significantly probative evidence he rejects. *Id. See Rutledge v. Apfel*, 230 F.3d 1172 (10th Cir. 2000) (citing *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir.1997) (step five burden does not require the agency to address or assess exertional requirements for which the medical record provides no evidence of an impairment or limitation).

The court finds that the ALJ properly discussed the relevant medical evidence and included the credible work-related limitations that were supported by medical evidence in the RFC and the hypothetical question.

### **Credibility**

Plaintiff asserts the ALJ failed to perform a proper credibility determination. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, [f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)(citation, brackets, and internal quotation marks omitted). The ALJ cited numerous grounds, tied to the evidence, for the credibility finding. The ALJ noted Plaintiff continued to work after the date of alleged onset and was working at the time of the hearing. The ALJ noted that Plaintiff's work did not constitute substantial gainful activity but was inconsistent with Plaintiff's allegations of disabling symptoms and limitations. [R. 20]. The ALJ took into account the conservative nature of Plaintiff's medical treatment and the significant gap in her treatment. The ALJ noted the absence of support in the record for medication side effects that would interfere with the ability to work. *Id.* The ALJ also noted normal CT scan, normal lab results, and normal findings by consultative examiner. [R. 20-21]. The ALJ thus properly linked his credibility finding to the record, therefore, the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

### **Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there

is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 22nd day of January, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE